## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   **ASHLEY L. COOK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIV-15-** 740-D |
| | ) | |
| 1.   **LOGAN'S ROADHOUSE, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Ashley L. Cook, and for her Complaint against the Defendant alleges and states as follows:

## PARTIES

1.      The Plaintiff is Ashley L. Cook, an adult female resident of Cleveland County.

2.      The Defendant is Logan's Roadhouse, Inc., an entity doing business in Cleveland County, Oklahoma.

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act, violations of the Fair Labor Standards Act ("FLSA") as amended by the Patient Protection and Affordable Care Act ("PPACA"), and state law violations.

4.      Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claims and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

5.      Plaintiff has exhausted her administrative remedies as to the above-listed

claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 22, 2014.  Plaintiff received her Dismissal and Notice of Rights letter from the EEOC by mail dated on or about May 27, 2015 and has timely filed this action within ninety (90) days of receipt of his notice of right to sue.

6.      The Defendant is located and can be served in Cleveland County and all acts complained of occurred in or around Cleveland County.  Cleveland County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.      Plaintiff Ashley L. Cook began her employment with Defendant on or about June 25, 2014 as a server.  She was hired by Kevin (last name unknown), a shift manager, and supervised by Kevin and Ryan Espolt, Manager.

8.      Plaintiff had a daughter in August 2013 whom she chose to breastfeed until she self-weaned.  As a result, Plaintiff was still breastfeeding her daughter at the time she began her employment with Defendant. During her interview, Plaintiff told Espolt that she had a breastfeeding daughter.  Espolt stated his wife had recently had a baby.

9.      For the first several days of her employment, Plaintiff was to shadow a server as part of her training.

10.     On or about June 26, 2014, Plaintiff worked a training shift where she was paired with a trainer/server to work tables together, beginning at 4:30 p.m and ending around 9:00 p.m.  Plaintiff was given a twenty (20) minute break at the end of her shift where she was asked to watch training videos.  At the end of her shift, Plaintiff was in a tremendous amount of pain as she had not been able to express breast milk for approximately five (5) hours.

2

11.     The following day, on or about June 27, 2014, Plaintiff went into work early, around 4:00 p.m., to speak with Espolt in his office about taking a five to ten minute break during her shift to either pump breastmilk or have a family member bring her daughter to work so that Plaintiff could feed her.  As Plaintiff was still in training, she would simply be assisting another server, making it possible for her to briefly step away.

12.     In response to Plaintiff's request, Espolt ordered Plaintiff to speak with him in a back hall (as opposed to his office) and stated "we need to talk."  Espolt alleged that Plaintiff did not have a good day the day before and asked her a series of questions related to her training, which Plaintiff answered correctly.

13.     Espolt told Plaintiff that "things are just not working out." Plaintiff asked if she was being terminated because she asked to have a break to express breast milk. Espolt then told Plaintiff to call for someone to pick her up.

14.     Plaintiff's reasonable accommodation to express breast milk was denied and she was retaliated against for her request for the same.

15.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

## COUNT I-Gender and Pregnancy Discrimination

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

16.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act in the nature of gender-based discrimination and pregnancy discrimination.

17.     As damages, Plaintiff has suffered lost earnings, past and future, mental and emotional distress and other available compensatory damages.

18.    Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II - FLSA

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

19.    The matters alleged above constitute violations of Section 7 and Section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. §207), as amended by the Patient Protection and Affordable Care Act.

20.    The Act requires an employer to provide a reasonable break time for an employee to express breast milk for her nursing child for one (1) year after the child's birth each time such employee has a need to express the milk and a place, other than a bathroom, that is shielded from view and free from intrusion from co-workers and the public, which may be used by an employee to express breast milk.

21.    And, the Act prohibits discharging or in any other manner discriminating or retaliating against any such employee.

22.    Plaintiff was not allowed time or a secure location to express breast milk, and was retaliated against when she was terminated when requesting a time and space to do so.

23.    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff suffered a loss of income and other damages. As such, Plaintiff is entitled to recover lost wages, liquidated damages, attorneys' fees and costs incurred in connection with this claim.

24.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA. Defendant knew or showed reckless disregard for the fact that its practices were in violation of these laws and retaliated against Plaintiff after she complained of the same.

## COUNT III - State Law

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

25.    The matters alleged above constitute violations of  40 O.S. § 40-435 (2014), requiring employers to provide reasonable unpaid break time each day to an employee who needs to breast feed or express breast milk in a private, secure, and sanitary room in close proximity to the work area, other than a toilet stall.

26.    Plaintiff was not allowed time or a location to express breast milk, and was terminated when requesting a time and space to do so.

27.    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff suffered a loss of income and other damages.  As such, Plaintiff is entitled to recover all damages as allowed by law.

## PRAYER

**WHEREFORE** Plaintiff respectfully prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and award compensatory damages, punitive damages, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this <u>9th</u> day of July, 2015.

                          <u>S/ Jana B. Leonard</u>
                          **JANA B. LEONARD, OBA # 17844**
                          **SHANNON C. HAUPT, OBA # 18922**
                          **LEONARD & ASSOCIATES, P.L.L.C.**
                          **8265 S. Walker**
                          **Oklahoma City, Oklahoma 73139**
                          **(405) 239-3800 (telephone)**
                          **(405) 239-3801 (facsimile)**
                          **leonardjb@leonardlaw.net**
                          **haupts@leonardlaw.net**

                          **ATTORNEY LIEN CLAIMED**
                          **JURY TRIAL DEMANDED**